UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BRUCE KATZ, individually and on behalf of all others similarly situated,

    *Plaintiff*,

vs.

MYPATIENTCALENDAR INC.,

    *Defendant*.

_____/

Case No. __1:22-cv-06936__

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1.    Plaintiff Bruce Katz ("Plaintiff"), individually and on behalf of all others similarly situated a brings this action against defendant MyPatientCalendar Inc. ("Defendant") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

## NATURE OF THE ACTION

2.    Plaintiff's claims arise from violations of 47 U.S.C. § 227, *et seq*.

3.    The TCPA was enacted to protect individuals from unsolicited and unwanted telemarketing faxes like those alleged in this case.

4.    Upon information and belief, Defendant is a digital healthcare platform that directs potential new patients to medical professionals listed on its directory.

5.    Upon information and belief, Defendant uses the website, research.net, to create advertisements it then faxes out to medical professionals, like Plaintiff, offering patient referral services.

6.    Defendant sent an unsolicited advertising fax to Plaintiff's fax machine without Plaintiff's prior express consent.

7. In order to advertise its services, Defendant sends faxes to medical professionals, like Plaintiff, requesting them to provide certain information about their practice if they are "interested in [Defendant's] member referrals." However, many medical professionals, like Plaintiff, did not provide Defendant with the requisite consent to receive such faxes, which is in violation of the TCPA by Defendant.

8. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, annoyance and disruption of the daily life of thousands of individuals nationwide. Plaintiff also seek statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

10. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each fax sent in violation of the TCPA, which when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of federal jurisdiction and CAFA jurisdiction are present.

11. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant's state of incorporation is New York (and it is headquartered within this District), and Defendant provides and markets its services within this District thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, on information and belief, Defendant has sent the same faxes complained of by

Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in sending such faxes have occurred within this judicial district, subjecting Defendant to jurisdiction in the judicial district.

## PARTIES

12. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Flushing, New York.

13. Upon information and belief, Defendant is a domestic corporation whose principal place of business is located at Kings County, New York.

14. Defendant's registered agent of service in New York is located at 199 Water Street, 34115, New York, New York 10038.

15. Upon information and belief, Defendant directs, markets, and provides its business activities throughout the State of New York, including this judicial district, and throughout the United States. The is supported, at least in part, by the fax sent to Plaintiff, which lists at least eighteen (18) states a fax recipient could choose from in selecting their "Licensed State(s)."

16. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

17. On or about March 31, 2022, at about 4:30 p.m. EST, Plaintiff received an unsolicited telemarketing facsimile from the facsimile number (877) 974-3939 to his Plaintiff's facsimile line, (718) XXX-3577. Plaintiff received facsimile fax on a stand-alone fax machine.

18. Upon information and belief, the fax Plaintiff received from the fax number (877) 974-3939 was sent by Defendant because, at the righthand corner of the faxed document sent to Plaintiff were the following options to respond:

    a. "Scan the QR Code," which led to Defendant's website.

    b. "Got to: www.research.net/r/MyPatientCalendar."

    c. "Respond by Email: providers@mypatientcalendar.com."

19. At the top lefthand corner of the faxed document Plaintiff received were the words "New Patient Referrals" in bold letters, and underneath that text was the phrase, "Practice Update for Provider Directory."

20. Immediately below the aforementioned text was a paragraph stating as follows:

> If you are accepting New Patients and interested in our member referrals, Please complete this form and send it back via email or by fax. One of our team members will reach out to start the Referral Process.

21. Immediately below the aforementioned text was an option to opt-out from receiving additional fax communications from Defendant. The particular language stated: "<u>To opt-out, please email us at dnc@mypatientcalendar.com</u>."

22. In addition to the above language, the faxed document included a form for recipients to fill out if they wanted Defendant's services. The fields included options for the recipient's "Practice Specialty," "Licensed State(s)," "Number of Providers in Practice," "Visit Types Offered," "Number of New Patient visits Practice can accommodate per year (in-person or telehealth)," and "Provider Onboarding."

23. A true and correct copy of the faxed document Plaintiff received is attached hereto as **Exhibit A**.

24. The faxed document Plaintiff received advertises Defendant's services, namely, its business of providing new patient referral services to medical professions if they fill out the form Defendant provides and become members of Defendant's provider directory. As such, the fax Plaintiff received is an advertisement pursuant to the TCPA and its implementing regulations.

25. Upon information and belief, Defendant receives revenues from, and profits from, the referrals it provides fax recipients who eventually subscribe to its services and/or from the mere fact that fax recipients subscribe its services.

26. Upon information and belief, Defendant created, or at least directed a third party to create, the faxed document that was sent to Plaintiff. This allegation is supported by the fact that the faxed document sent to Plaintiff states that it is "Powered by My Patient Calendar."

27. Plaintiff did not provide Defendant with "prior express invitation or permission" to send Plaintiff a fax.

28. Upon information and belief, Defendant sent the same or a substantially similar fax to thousands of other fax machines without prior express invitation or permission, and without the opt-out language required by the TCPA and its implementing regulations.

29. Defendant's fax did not provide Plaintiff or other similarly situated individuals with reasonable means to avoid receiving unauthorized fax solicitations.

30. Fax machines are generally left on to readily receive urgent communications their owners want to receive.

31. Defendant's faxed document does not display the opt-out notice required by 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. 64.1200(a)(4).

## CLASS ALLEGATIONS

32. Plaintiff brings this action pursuant to Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class, which is defined as follows:

> All persons within the United States who received any fax message(s) from Defendant, its employees and/or agents, for the purpose promoting Defendant's goods or services, to said person's fax machines without that person's prior express invitation or permission and without a compliant opt-out notice within the four years prior to the filing of this action.

33. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

34. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

35. Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class via their fax machines without prior express invitation or permission and without the proper opt-out notice, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and Class.

36. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, without limitation:

   a. Whether Defendant sent unsolicited fax messages advertising its services to individuals without their prior express invitation or permission;

   b. Whether Defendant included the proper opt-out notice/s in its fax messages;

   c. Whether Defendant's conduct violated the TCPA;

   d. Whether Class members are entitled to treble damages based on knowing or willful conduct of Defendant; and

   e. Whether Defendant and/or its agents should be enjoined from engaging in such conduct in the future.

37. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct.

38. Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions.

39. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

40. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

41. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

42. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

43. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

44. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

45. Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

46. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## FIRST COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *ET SEQ.*

47. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

48. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . .." 47 U.S.C. § 227(b)(1)(C).

49. An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* at § 227(a)(5).

50. The TCPA, pursuant to 47 U.S.C. §§ 227(b)(2)(D)-(E) and the 47 C.F.R. § 64.1200(a)(4)(iii), also requires senders of fax advertisements to place a clear and conspicuous opt-out notice on the first page of their fax advertisements including, the following statements, among other things:

   a. That a recipient is legally entitled to opt-out of receiving future fax advertisements;

   b. That the sender must honor a recipient's opt-out request within thirty (30) days;

   c. That a sender's failure to honor an opt-out request is unlawful; and

   d. That the recipient may opt-out with respect to all of the recipient's telephone numbers and not just those that received the faxed advertisement from the sender.

51. Defendant, or other person/s or entity/ies on Defendant's behalf, used a fax machine, computer, or other device to send unsolicited fax advertisements to Plaintiff and other members of the Class.

52. The fax messages sent by Defendant were sent without regard for whether Defendant had first obtained express invitation or permission from the recipients of said fax messages to send and/or receive said fax messages.

8

53. Neither Plaintiff nor members of the Class ever provided Defendant with prior express invitation or permission to send them fax messages before or at the time the fax messages were transmitted.

54. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(C), and Defendant knew or should have known that its conduct violated 47 U.S.C. § 227(b)(1)(C).

55. Further, Defendant failed to provide Plaintiff and other members of the Class with the proper opt-out notices on its fax messages because the opt-out notice it provided merely provided that, "[t]o opt-out, please email us at dnc@mypatientcalendar.com."

56. Defendant's opt-out notice failed to state that the recipient was legally entitled to opt-out of receiving future fax advertisements, that the sender must honor a recipient's opt-our request within thirty (30) days, that a sender's failure to honor an opt-out request is unlawful, and that the recipient may opt-out with respect to all of the recipient's phone numbers.

57. Upon information and belief, Defendant failed to comply with all of the opt-out requirements for fax messages under the TCPA and its implementing regulations.

58. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

59. Defendant transmitted unsolicited and unauthorized faxes to Plaintiff and Class members for the purpose of marketing products and/or services to those Plaintiff and the Class.

60. Defendant's conduct invaded Plaintiff's privacy protected by the TCPA.

61. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. As a result of Defendant's violations, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

63. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, pray for the following relief:

(a) An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel;

(b) A declaration that Defendant's practices described herein violate the TCPA;

(c) A declaration that Defendant's violations of the TCPA were willful and knowing;

(d) An award of statutory damages of $500 for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B) and injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

(e) An award trebling the statutory damages in the amount of $1,500 for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B); and injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

(f) Costs of suit;

(g) Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine;

(h) Pre-judgment and post-judgment interest on monetary relief; and

(i) All other and further relief as the Court deems necessary, just, and proper.

\\
\\

## **JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

Dated: November 14, 2022
New York, New York

                                         **KAZEROUNI LAW GROUP, APC**

By:     *s/ Ross Schmierer*
                                    Ross Schmierer, Esq.
                                    48 Wall Street, Suite 1100
                                    New York, New York 10005
                                    Telephone: (800) 400-6808
                                    Facsimile: (800) 520-5523
                                    Email: ross@kazlg.com

                                    *Counsel for Plaintiff and the Class*